UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWARD MAHAFFEY,

        Plaintiff,

v.                                       Case No. 13-14646

JOSHUA A. BUSKIRK, SUSAN B.            HON. AVERN COHN
MCCAULEY, CHARLES TURNER, FRANCES
HINSLEY, KAREN HAMBLIN, JEFFREY
STIEVE, S. LAUGHHUNN, SHARP,
JACOB, HARRIET SQUIER, and
HARESH B. PANDYA,

        Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 42)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 34)
AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS SUSAN B.
MCCAULEY, CHARLES TURNER, KAREN HAMBLIN, and HARESH B. PANDYA's
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. 22)**

I. Introduction

This is a pro se prisoner civil rights case. Plaintiff is an inmate in the custody of

the Michigan Department of Corrections. He asserts a claim under 42 U.S.C. § 1983

against defendants claiming a violation of his Eighth Amendment rights due to

inadequate medical care for the treatment of a back condition. The matter was referred

to a magistrate judge for all pretrial proceedings before whom defendants Susan B.

McCauley, Charles Turner, Karen Hamblin, and Haresh B. Pandya filed a Motion to

Dismiss or for Summary Judgment. (Doc. 22). Plaintiff filed a response. See Docs. 27,

30.  The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motion be granted in part and denied in part.  (Doc. 34).

Before the Court are plaintiff's objections to the MJRR.[1]  (Doc. 42).  For the reasons that follow,  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motion to dismiss or for summary judgment will be granted in part and denied in part.

## II.  Background

The MJRR accurately sets forth the background facts alleged in the complaint. Briefly, on November 8, 2013 plaintiff filed the instant lawsuit against eleven (11) defendants: Joshua A. Buskirk; Susan B. McCauley; Charles Turner; Frances Hinsley; Karen Hamblin; Jeffery Stieve; S. Laughhunn; Sharp; Jacobs; Harriet Squier and Haresh B. Pandya.  The facts underlying plaintiff's complaint stem from a September 27, 2001 back injury he sustained lifting weights while housed within the MDOC. Plaintiff alleges that for years MDOC employees have failed to properly treat his condition and as a result he is in constant pain.  Plaintiff seeks injunctive relief in the form of (1) sending him to a neurosurgeon for evaluation and (2) providing him with the back surgery of which he is allegedly in need.  He also seeks compensatory and punitive relief based on defendants' alleged deliberate indifference to plaintiff's serious medical needs.

Seven (7) of the eleven (11) defendants have appeared:  Buskirk, Squier,

---

[1]Plaintiff filed a paper styled "Plaintiff's Motion to Object."  The Court construes this filing as objections to the MJRR inasmuch as the paper is directed at the findings and conclusions of the magistrate judge on defendants' pending motion.

2

Hamblin, McCauley, Pandya, Turner, and Laughhunn.[2]  The following four (4)

defendants have not appeared:  Hinsley, Stieve, Sharp and Jacob.  To date, a

summons was returned unexecuted as to Hinsley (Doc. 37) and the MDOC responded

that it does not employ Sharp or Jacob.  See Docs. 40, 41.

Following service, Hamblin, McCauley, Pandya and Turner's filed a motion for

summary judgment or, in the alternative, motion to dismiss.  They contend that

dismissal or summary judgment is appropriate because (1) "HUM McCauley, Nurse

Supervisor Hamblin and RN Turner" merely denied plaintiff's administrative grievance[,]"

(2) "Plaintiff did not file a grievance regarding his allegations against Dr. Pandya" and

(3) "Defendants acted reasonably and did not violate Plaintiff's clearly established

constitutional rights."

The magistrate judge recommends that the motion be granted in part and denied

in part.  Specifically, the magistrate judge recommends that plaintiff's claims against

McCauley, Hamblin, and Turner be dismissed because he has not alleged the requisite

personal involvement of these defendants or the requisite level of deliberate indifference

as to McCauley.  The magistrate judge also recommends that defendants' motion be

denied as to Pandya because plaintiff did exhaust his administrative remedies as to

him.  The magistrate judge further finds that plaintiff's claims for damages against all of

these defendant in their official capacity are barred by the Eleventh Amendment.

Finally, the magistrate judge finds it unnecessary to consider whether any of these

defendants are entitled to qualified immunity because (1) McCauley, Hamblin, and

---

[2]Since the filing of the MJRR, Laughhunn has filed a motion to dismiss (Doc. 36)
which is pending before the magistrate judge.

3

Turner are entitled to dismissal for other reasons and (2) Pandya did not seek dismissal on qualified immunity grounds.

### III.  Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### IV.

The Court has reviewed plaintiff's objections.  Plaintiff presents essentially the same arguments considered and rejected by the magistrate judge.  Plaintiff specifically takes issue with the magistrate judge's immunity analysis, both under the Eleventh

Amendment and qualified immunity.  As to Eleventh Amendment immunity, the law is clear that plaintiff cannot bring a claim for damages against any defendant in their official capacity.  As to qualified immunity, the magistrate judge did not consider this argument; therefore, there is no finding upon which plaintiff can object.  Finally, plaintiff again asserts that the moving defendants have violated his Eighth Amendment rights. The magistrate judge, however, carefully explained that the complaint did not contain allegations sufficient to rise to a viable Eighth Amendment claim against McCauley, Hamblin or Turner..

Accordingly, plaintiff's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court.  Defendants' motion to dismiss or for summary judgment is GRANTED IN PART AND DENIED IN PART.  Plaintiff's claims against McCauley, Hamblin and Turner are DISMISSED.

The case continues against Buskirk, Squier, Pandya, Hinsley, Stieve, Laughhunn, Sharp and Jacob, subject to the pending motion and service issues noted above.

SO ORDERED.

 S/Avern Cohn_____
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 24, 2014, by electronic and/or ordinary mail.

S/Sakne Chami_____
Case Manager, (313) 234-5160