UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MAHAFFEY,

    Plaintiff,

v.

Case No. 13-14646
District Judge John Avern Cohn
Magistrate Judge Anthony P. Patti

JOSHUA BUSKIRK, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT SUMMER LAUGHHUNN'S MOTION TO DISMISS (DE 36)

**I.   RECOMMENDATION**: The Court should grant Defendant Summer Laughhunn's unopposed Motion to Dismiss.  (DE 36.)

**II.  REPORT**

    **A. Background**

The Court set out the factual background in this case in its Report and Recommendation dated May 28, 2014.  (DE 34.)  The Undersigned incorporates the May 28, 2014 Report and Recommendation and will only set out the facts necessary to dispose of the instant motion.  For the purposes of this Motion to Dismiss, the Undersigned will accept the allegations in Plaintiff's Complaint as true.

Plaintiff, Mark Mahaffey, is a state prisoner who is proceeding without the assistance of counsel. He filed his Complaint and Application to Proceed *in Forma Pauperis* on November 8, 2013. (DE 1, 2.) The Court granted the application on December 13, 2013. (DE 5.) Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment of the United States Constitution.

According to his Complaint, Plaintiff suffers from back pain, incontinence, numbness in his left leg, and weakness in both legs (DE 1, ¶ 5) and asserts that the various Defendants denied him medication necessary to manage his constant pain. Specifically, he contends that Defendant Laughhunn denied his step III grievance appeals on July 18, 2013 and August 5, 2013. (DE 1, ¶¶ 16, 20.) Plaintiff filed the July 18, 2013 grievance appeal after Dr. Harriet Squier stopped his trigger point injections and refused to refer him to a neurosurgeon while he was housed at the Cotton Correctional Facility. (Id. at ¶ 13.) The August 5, 2013 grievance appeal was related to Defendant Buskirk's alleged rude comments and failure to address Plaintiff's MRIs while he was housed at the Saginaw Correctional Facility. (Id. at ¶¶ 17-18.) Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

### B. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

3

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

Defendant Laughhunn filed her Motion to Dismiss on June 5, 2014, asserting that dismissal is appropriate for two reasons. First, she contends that Plaintiff fails to plead that she was personally involved in the activity that forms the basis of the Complaint. Second, she asserts that she is a state employee who acted in her official capacity and as such is entitled to Eleventh Amendment and qualified immunity. On June 9, 2014, the Court issued a scheduling order, requiring Plaintiff to respond to the Motion by July 24, 2014. (DE 38.) To date, Plaintiff has not filed a response.

As a preliminary matter, the Court can consider Defendant Laughhunn's Motion to Dismiss as unopposed. "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012) *report and recommendation adopted Sabharwal v. Chase Home Fin., LLC*, No. 11-131318, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* Plaintiff). Notwithstanding Plaintiff's failure to oppose the Motion,

Defendant Laughhunn's primary legal argument, that Plaintiff failed to plead her personal involvement in unconstitutional activities, is well-taken.

To establish a viable claim under § 1983, a plaintiff must establish that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). "[E]ach defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Where a defendant's only role in an action "involve[s] the denial of an administrative grievance or the failure to act . . . [he or she] cannot be held liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also O'Brien v. Michigan Dep't of Corr.*, No. 14-1132, 2014 WL 7533852, at *2 (6th Cir. Oct. 17, 2014) (concluding that a defendant's denial of an administrative grievance was "insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983"); *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) ("the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983"); *Thompson v. Stapleton*, 403 F. App'x 986, 986-88 (6th Cir. 2010) (concluding that denial of an administrative grievance appeal at step II was not actionable under §1983); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008)

(same); *but see Williams v. McLemore*, 247 F. App'x 1, 11-12 (6th Cir. 2007) (distinguishing a case where a prison director forwarded a step III grievance to defendant, instructing him to "ensure appropriate action [was] taken," and the defendant failed to take any action).

Plaintiff sets forth the following as the basis of his claims against Defendant Laughhunn:

> 16.) On 3-7-2013 [Plaintiff] filed his step III appeal on this grievance. Defendant S. Laughhunn, RN[,] denied this appeal.
>
> 21.) On 4-9-2013 [Plaintiff] filed his step III appeal. On 8-5-2013 Defendant S. Laughhunn, RN[,] denied this appeal and the denial was upheld by Defendant Richard D. Russell . . . .

(Compl. ¶ 16, 21, DE 1.) Defendant Laughhunn's denial of Plaintiff's grievance appeals, without more, does not rise to the level of personal involvement required to state a claim under § 1983. The Undersigned therefore recommends that the Court **GRANT** Defendant Laughhunn's Motion to Dismiss.[1] (DE 36.)

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

---

[1] Because the Undersigned has disposed of this action on the merits, it is unnecessary to address Defendant Laughhunn's assertion that she is entitled to Eleventh Amendment and qualified immunity.

6

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 6, 2015　　　　　　　s/Anthony P. Patti
　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2015, electronically and/or by U.S. Mail.

          s/Michael Williams
          Case Manager for the
          Honorable Anthony P. Patti
          (313) 234-5200