UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MAHAFFEY,

    Plaintiff,

v.

Case No. 13-cv-14646
District Judge John Avern Cohn
Magistrate Judge Anthony P. Patti

JOSHUA BUSKIRK, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT SHARP'S UNOPPOSED MOTION TO DISMISS (DE 78)

**I.     RECOMMENDATION**: The Court should grant Defendant Dr. Sharp's unopposed Motion to Dismiss. (DE 78.)

**II.    REPORT**

### A. Background

The Court set out the factual background in this case in its Report and Recommendation dated May 28, 2014. (DE 34.) I incorporate the May 28, 2014 Report and Recommendation and will only set out the facts necessary to dispose of the instant motion. For the purposes of this motion to dismiss, I will accept the allegations in Plaintiff's complaint as true.

Plaintiff, Mark Mahaffey, who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on November 8, 2013.  (DE 1, 2.)  The Court granted the application on December 13, 2013.  (DE 5.)   At the time, Plaintiff was a state prisoner, housed at the G. Robert Cotton Correctional Facility.  Since then, Plaintiff has apparently been released and is living at a private address in Florida.  (DE 69.)  Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment of the United States Constitution.

According to his Complaint, Plaintiff suffers from back pain, incontinence, numbness in his left leg, and weakness in both legs (DE 1, ¶ 5) and asserts that the various Defendants denied him medication necessary to manage his constant pain.  Specifically, he contends that after he was transferred to the Michigan Reformatory on September 8, 2009, Dr. Sharp (the only remaining Defendant in this action), took away his medications and ordered that physical therapy be stopped, despite Plaintiff's complaints of "constant pain."  (Id. at ¶ 8.)   Plaintiff was housed at the Michigan Reformatory until October 12, 2010, when he was transferred to the Chippewa Correctional Facility and "seen by another doctor where he was placed on pain medication three times a day and sleeping medication . . . ."  (Id. at ¶ 9.)  Plaintiff seeks injunctive relief as well as compensatory and punitive damages against Dr. Sharp.

### B. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

3

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. <u>Discussion</u>

Defendant Sharp filed his motion to dismiss on April 2, 2015, asserting that dismissal is appropriate because the lawsuit was filed outside of the three-year statute of limitations on Plaintiff's § 1983 claims against him. Specifically, he argues that Plaintiff's claims against him could only have accrued between September 28, 2009 and October 12, 2010–the only period when he is alleged to have been housed at the Michigan Reformatory and under Dr. Sharp's care– prior to being transferred to the Chippewa Correctional Facility. Defendant correctly points out that this time-frame is more than three years before Plaintiff filed his November 8, 2013 lawsuit. On April 6, 2015, the Court issued a scheduling order, requiring Plaintiff to respond to the motion by May 18, 2015. (DE 79.) To date, Plaintiff has not filed a response.

As a preliminary matter, the Court can consider Defendant Sharp's motion to dismiss as unopposed. "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012) *report and*

*recommendation adopted Sabharwal v. Chase Home Fin., LLC*, No. 11-131318, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* Plaintiff). Notwithstanding Plaintiff's failure to oppose the motion, Defendant Sharp's statute of limitations argument is well-taken.

State statute of limitations apply to determine the tolling of claims asserted under 42 U.S.C. § 1983. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). Specifically, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996).

Here, the statute of limitations has tolled in Plaintiff's § 1983 claim against Defendant Sharp. The relevant portion of his complaint is as follows:

> 8) This Plaintiff was then transferred to the Michigan Reformatory on 9-8-2009. Doctor Sharp took all of [Plaintiff's] medications and ordered no more physical therapy. There were months of Health Care kites and grievances complaining about the excruciating pain [Plaintiff] was in. This doctor claimed there

5

>   was nothing wrong with him. Doctor Sharp did nothing for [Plaintiff's] constant pain.
>
> 9) Plaintiff] was then transferred to Chippewa Correctional Facility (URF) on 10-12-2010 and was seen by another doctor where he was placed on pain medication three times a day and sleeping medication due to the inability to sleep from the pain.

(DE 1 at 10, ¶¶ 8-9) (emphasis added.) Taking the events described in Plaintiff's complaint as true, he only saw Defendant Sharp while he was housed at the Michigan Reformatory from September 8, 2009 through October 12, 2010. Accordingly, he would have known or had reason to know that the act providing the basis of his injury had occurred on or before October 12, 2010. Plaintiff does not plead, for example, that he was unaware of Defendant Sharp's failure to provide appropriate treatment until after he was transferred out of the Michigan Reformatory. Instead, he indicates that during his time at the Michigan Reformatory, he filed "months of Health Care kites and grievances" against Dr. Sharp, indicating that he was aware of the alleged injury caused by Dr. Sharp's failure to provide appropriate treatment before his 2010 transfer.

Plaintiff did not file the instant action until November 8, 2013, more than three years after his October 12, 2010 transfer out of the Michigan Reformatory, the last possible date he could have been seen by Defendant Sharp. Accordingly, the three-year statute of limitations has run on his claim against Defendant Sharp. I recommend that Defendant Sharp's motion to dismiss be **GRANTED**. (DE 78.)

6

If the Court agrees with this recommendation, I also recommend that the case be **DISMISSED**, because Defendant Sharp is the sole remaining Defendant in this action.

### III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 25, 2015               s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 25, 2015, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti